UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:08-CR-38 |
| | ) | JUDGE JORDAN |
| PHILLIP S. GRAY | ) | |

## MOTION FOR DOWNWARD DEPARTURE

NOW COMES the United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, and pursuant to U.S.S.G. § 5K1.1 hereby moves for a downward departure below the defendant's advisory sentencing guideline range to reflect defendant's substantial assistance in the investigation or prosecution of other persons.

The defendant, Phillip S. Gray, pled guilty to Count 1 of the indictment on April 21, 2009, that is to a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). For purposes of this motion, the facts of this offense are set forth in paragraphs 19 through 44 at pages 7 through 11 of the Presentence Investigation Report dated August 3, 2009, and incorporated herein by reference.

A plea agreement entered into between the United States and the defendant provided that the defendant was to "cooperate fully, truthfully, and completely with any and all law enforcement agents ... to testify completely and truthfully before a federal grand jury, at any trial, or any other time or proceeding if called upon by the United States to do so." Paragraph 6 of the Plea Agreement. The defendant has complied with that provision of the plea agreement and has, in fact, provided "substantial assistance" as that phrase is used in U.S.S.G. § 5K1.1.

The defendant was initially approached by DEA agents in the fall of 2006, during the ongoing investigation. At that time, the defendant agreed to work with the DEA and became a confidential informant. During the fall of 2006, the defendant made several recorded telephone calls to one of the main targets, co-defendant Tony Trivette, and, wearing a recording device, met with Tony Trivette and purchased approximately one ounce of methamphetamine on behalf of the DEA. This cooperation by the defendant enabled the DEA to obtain a Title III wire intercept on Tony Trivette's cell phone. In December of 2006, however, the defendant began engaging in drug trafficking with Tony Trivette outside the scope of his agreement as a confidential informant, and he was terminated.

Subsequent to that event, the defendant was captured on the Title III wire intercept engaging in additional methamphetamine with Tony Trivette and others, and the defendant was included in the conspiracy and indicted.

Shortly after the defendant's arrest, he indicated that he was willing to testify and to cooperate, by way of information and testimony, with the investigation. The defendant pled guilty in April of 2009, well before the case was set for trial. The defendant did provide information to the DEA regarding co-conspirators and was in a position to testify at trial in a manner that would have assisted the United States in obtaining convictions, however, those co-conspirators eventually pled guilty.

In the opinion of the United States, the defendant "has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." In part, this opinion is based on the defendant's initial cooperation with the DEA. The United States notes that in general, cooperators or confidential informants who return to drug trafficking, after agreeing to assist the government, are not entitled to cooperation consideration.

2

However, in this case, despite the defendant's continued involvement in the distribution of methamphetamine, his cooperation was essential to the United States in obtaining the Title III wire intercept, which then allowed the DEA to further and expand the investigation.

The Presentence Report establishes that the defendant is a career offender, although the defendant has objected to that classification, the United States believes that the Presentence Report is accurate. Therefore, the defendant's advisory guideline range is 262 to 327 months, offense level 34 and criminal history category VI. If the court grants this motion for a downward departure pursuant to U.S.S.G. § 5K1.1, the United States recommends a two level reduction from the advisory guideline range to an advisory guideline range of 210 to 262 months, offense level 32, criminal history category VI.

Respectfully submitted this, the 28th day of October, 2009.

JAMES R. DEDRICK
United States Attorney

By: *s/ Caryn L. Hebets*
CARYN L. HEBETS
ASSISTANT UNITED STATES ATTORNEY
208 SUNSET DRIVE, SUITE 509
JOHNSON CITY, TN 37604
423/282-1889

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2009, the foregoing was filed electronically. Notice of this filing was sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. Counsel not indicated on the court's EFS will be served by regular U.S. Mail, postage prepaid.

*s/ Caryn L. Hebets*
Assistant U.S. Attorney

3

Case 2:08-cr-00038   Document 338   Filed 10/28/09   Page 3 of 3